UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

BELMARK INC.,

        Plaintiff,

v.

MUSCLEPHARM CORPORATION,

        Defendant.

Case No. 22-CV-_____

## COMPLAINT

Plaintiff Belmark Inc. ("Belmark"), by and through its attorneys, Godfrey & Kahn, S.C., complains against Defendant MusclePharm Corporation ("MusclePharm") as follows:

### INTRODUCTION

1. Belmark brings this action to collect unpaid amounts it is owed by MusclePharm for goods received and accepted by MusclePharm.

2. MusclePharm does not dispute that the amounts that Belmark seeks to collect herein are valid, due, and owing, without qualification. In fact, MusclePharm made but failed to meet a payment plan to satisfy its full outstanding balance.

3. Belmark fulfilled all of its obligations under the parties' contracts described herein and duly invoiced MusclePharm for the amounts owed thereunder, but MusclePharm has failed to timely pay in full the invoiced amounts.

4. MusclePharm has no valid factual or legal basis for failing to pay in full the invoiced amounts. As a result, MusclePharm is in material breach of its contracts with Belmark. MusclePharm's breaches have caused Belmark damage in a minimum amount of $377,526.82.

5. On account of MusclePharm's breaches, Belmark is entitled to recover damages, including but not limited to the unpaid invoice amounts, interest, and all other costs and expenses of collection allowed at law or in equity.

## PARTIES

6. Belmark is a Wisconsin corporation with a principal place of business located at 600 Heritage Road, De Pere, Wisconsin 54115.

7. MusclePharm is a Nevada corporation with a principal place of business located at 6728 West Sunset Road, Suite 130, Las Vegas, Nevada 89118. MusclePharm's registered agent is VCorp Services, LLC, located at 701 S. Carson St., Suite 200, Carson City, NV 89701. MusclePharm is not a citizen of Wisconsin.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. This Court has personal jurisdiction over MusclePharm because, without limitation: MusclePharm engages in substantial and not isolated activities in Wisconsin; MusclePharm solicits Wisconsin consumers; Belmark was injured in Wisconsin at a time MusclePharm was soliciting in Wisconsin; this action arises out of MusclePharm's contacts with Wisconsin; this action relates to goods, all or substantially all of which Belmark shipped from Wisconsin to MusclePharm or to third parties at MusclePharm's order or direction; MusclePharm has purposefully established sufficient minimum contacts with Wisconsin; and exercising jurisdiction over MusclePharm comports with constitutional due process.

10. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Belmark's claims occurred in this judicial district, because a substantial part of property that is the subject of this action is situated in this judicial district, and because MusclePharm is deemed to reside in this judicial district because it is subject to this Court's personal jurisdiction.

## ALLEGATIONS COMMON TO ALL ACCOUNTS

11. Belmark is a De Pere, Wisconsin-based business engaged in providing industry-leading label and packaging solutions to customers in a broad range of markets.

12. MusclePharm is a business engaged in the sale of sports nutrition products, supplements, and energy beverages. Part of MusclePharm's business includes sponsoring individuals to promote its products.

13. In 2021 and 2022, MusclePharm issued a number of Quote Requests to Belmark regarding various label and packaging goods (each a "Quote Request," and collectively, the "Quote Requests"). After receipt of the Quote Requests, Belmark sent MusclePharm various Quotes detailing price and quantity variations, among other things (each a "Quote," and collectively, the "Quotes').

14. Belmark attached Warranty Terms and Conditions of Sale to each of the Quotes it provided to MusclePharm.

15. In 2021 and 2022, following Belmark's provision of Quotes, MusclePharm issued a number of Purchase Orders to Belmark, namely Purchase Order Nos. 8999, 8984, 9087, 8280, 9593, and 9230 (each a "Purchase Order," and collectively, the "Purchase Orders"), for the purchase of various goods and other items referenced therein.

16. In 2021 and 2022, in addition to issuing the aforementioned Purchase Orders, MusclePharm incurred certain file-preparation, pre-press, cover-up label, graphics, and other charges, as reflected in Invoice Nos. 1622889, 1636796, 1640443, and 1640538 (each a "Pre-Press Charge," and collectively, the "Pre-Press Charges"). Belmark provided such labels and graphics and performed such file-preparation and pre-press work, as further specified in the Pre-Press Charges, at MusclePharm's request and direction. MusclePharm received, accepted, benefited from, and was obligated to pay for all such labels and graphics and file-preparation and pre-press work.

17. After receipt of the Purchase Orders, Belmark issued to MusclePharm certain Price and Shipping Confirmations detailing job specifications, quantities, and total purchase price, among other information. When Belmark did not issue a Price and Shipping Confirmation following receipt of a Purchase Order, Belmark confirmed its agreement to fulfill MusclePharm's order by other means, including through its performance and conduct.

18. After providing and shipping the goods ordered by MusclePharm through Purchase Orders or other means, and after providing labels and graphics and performing file-preparation and pre-press work ordered by MusclePharm, Belmark demanded payment and issued Invoices to MusclePharm, including Invoices for amounts due for all Pre-Press Charges.

19. At all relevant times, valid and enforceable contracts existed between Belmark and MusclePharm, whereby Belmark was obligated to provide, and MusclePharm was obligated to timely pay for, the goods and other work specified in the Purchase Orders, graphics orders, and other orders placed by MusclePharm and confirmed by Price and Shipping Confirmations or by Belmark's performance and conduct.

20. All goods ordered in the Purchase Orders, graphics orders, and other orders placed by MusclePharm were made, shipped, and/or delivered by Belmark to MusclePharm, and MusclePharm received and accepted such goods, with the exception that a portion of goods ordered under Purchase Order No. 8280 was not shipped despite being produced and finished. That portion of undelivered goods produced pursuant to Purchase Order No. 8280 are specified in Invoice No. 1667220.

21. Belmark produced and tendered delivery of all of the goods referenced in Invoice No. 1667220 to MusclePharm, but MusclePharm refused delivery and instructed Belmark not to ship such goods. MusclePharm purported that a formula change rendered such goods unusable, but by the time MusclePharm notified Belmark of the formula change, Belmark had already produced all of the goods referenced in Invoice No. 1667220. Belmark stored and continues to store these goods in its De Pere facility, and these goods cannot be repurposed or resold for value given their custom and unique nature.

22. Belmark performed its obligations under the contract evidenced by Invoice No. 1667220 and would have delivered the goods referenced in Invoice No. 1667220 but for MusclePharm's refusal to accept and request that Belmark not ship such goods. By refusing to accept such goods, which were finished at the time of MusclePharm's refusal, MusclePharm wrongfully prevented Belmark's full performance.

23. Belmark fulfilled and fully performed all of its obligations under the contracts evidenced by Invoice Nos. 1622058, 1622383, 1622559, 1622560, 1622668, 1622889, 1624979, 1625467, 1625468, 1628107, 1630945, 1636796, 1640443, 1640538, 1643994, 1644300, and 1646429 and by the related MusclePharm orders to which such invoices relate.

24. Despite Belmark fully performing its obligations under the contracts evidenced by Invoice Nos. 1622058, 1622383, 1622559, 1622560, 1622668, 1622889, 1624979, 1625467, 1625468, 1628107, 1630945, 1636796, 1640443, 1640538, 1643994, 1644300, and 1646429, and substantially performing, but for MusclePharm's repudiation, its obligations under the contract evidenced by Invoice No. 1667220 (each an "Open Invoice," and collectively, the "Open Invoices"), MusclePharm has failed to pay in full amounts it owes to Belmark under such contracts.

25. Details of each Open Invoice, including payment due dates and balances, are below:

| Open Invoices | | | | |
|---|---|---|---|---|
| Invoice Number | Purchase Order Number | Date Invoiced | Due Date | Invoice Balance |
| 1622058 | 8999 | 12/16/2021 | 01/30/2022 | $21,781.12 |
| 1622383 | 8984 | 12/17/2021 | 01/31/2022 | $32,092.09 |
| 1622559 | 9087 | 12/20/2021 | 02/03/2022 | $37,109.56 |
| 1622560 | 8984 | 12/20/2021 | 02/03/2022 | $10,848.12 |
| 1622668 | 8280 | 12/20/2021 | 02/03/2022 | $62,043.84 |
| 1622889 | N/A (Pre-Press Charge) | 12/20/2021 | 02/03/2022 | $549.94 |
| 1624979 | 8984 | 12/29/2021 | 02/12/2022 | $15,781.07 |
| 1625467 | 9087 | 01/03/2022 | 02/17/2022 | $716.87 |
| 1625468 | 8280 | 01/03/2022 | 02/17/2022 | $2,181.11 |
| 1628107 | 9230 | 01/13/2022 | 02/27/2022 | $9,987.68 |
| 1630945 | 9230 | 01/24/2022 | 03/10/2022 | $20,871.89 |
| 1636796 | N/A (Pre-Press Charge) | 02/11/2022 | 03/28/2022 | $1,018.75 |
| 1640443 | N/A (Pre-Press Charge) | 02/25/2022 | 04/11/2022 | $788.75 |
| 1640538 | N/A (Pre-Press Charge) | 02/28/2022 | 04/14/2022 | $1,218.75 |
| 1643994 | 9230 | 03/11/2022 | 04/25/2022 | $31,956.88 |
| 1644300 | 9230 | 03/11/2022 | 04/25/2022 | $9,521.68 |
| 1646429 | 9593 | 03/21/2022 | 05/05/2022 | $25,992.96 |
| 1667220 | 8280 | 06/02/2022 | 06/02/2022 | $93,065.76 |
| Total | | | | $377,526.82 |

26. Belmark duly issued the Open Invoices following its performance of its obligations under the contracts they evidence.

27. Belmark demanded that MusclePharm pay in full the amounts due under the Open Invoices, but MusclePharm has not paid such amounts.

28. MusclePharm failed to fully pay to Belmark the amounts owed under the Open Invoices as and when they became due. The balances owed under the Open Invoices remain unpaid.

29. The goods, including without limitation labels and graphics, that Belmark made pursuant to MusclePharm's orders, as described herein, were custom-made, unique, and not reasonably capable of being resold or repurposed.

## COUNT I – BREACH OF CONTRACT

30. Belmark repeats, realleges, and incorporates by reference the allegations above as if fully set forth herein.

31. At all relevant times, valid and enforceable contracts existed between Belmark and MusclePharm as described herein and as evidenced by the Purchase Orders, graphics orders, Price and Shipping Confirmations, other orders and confirmations, and Open Invoices exchanged by the parties, and by the parties' conduct.

32. Pursuant to the parties contracts, Belmark produced and provided goods, including labels and graphics, to MusclePharm upon MusclePharm's orders and at MusclePharm's request, and MusclePharm agreed to pay for such goods. MusclePharm received and accepted, but has not paid for, such goods.

33. By MusclePharm's actions and omissions described herein, including without limitation its failure to timely pay the Open Invoices by their due dates, rejection of Belmark's tender of performance for the goods referenced in Invoice No. 1667220, and continued failure to pay amounts due and owing to Belmark pursuant to the parties' contracts, MusclePharm has breached the parties' contracts described herein.

34. As a direct and proximate result of MusclePharm's contractual breaches described herein, Belmark has suffered damages in an amount to be determined at trial, but in a minimum amount of $377,526.82, plus interest.

## COUNT II – UNJUST ENRICHMENT
### (In the Alternative to Count I)

35. Belmark repeats, realleges, and incorporates by reference the allegations above as if fully set forth herein.

36. Belmark conferred a benefit upon MusclePharm by making and/or delivering goods, including labels and graphics, for MusclePharm as described herein.

37. MusclePharm knowingly received, accepted, and appreciated, or improperly rejected receipt despite having the benefit of their availability, the above-described benefits conferred upon it by Belmark.

38. MusclePharm accepted and retained the above-described benefits under such circumstances that it would be unfair and unjust for MusclePharm to retain such benefits without paying the value thereof to Belmark.

39. MusclePharm has unjustly and unfairly withheld payment for goods it ordered, received, and/or refused from Belmark as described herein, and MusclePharm's continued retention of the amounts it owes to Belmark constitutes an ongoing justice.

40. To the extent that the contracts described herein are construed to cover the subject of this unjust enrichment claim, Belmark pleads this claim in the alternative.

41. An injustice would result if Belmark is not compensated with the reasonable value of the benefits it conferred onto MusclePharm.

WHEREFORE, Belmark respectfully requests the following relief:

A. Entry of judgment in its favor and against MusclePharm;

B.  An award of damages in an amount to be determined at trial, but in a minimum amount of $377,526.82;

C.  An award of pre-judgment and post-judgment interest, as allowed by law or equity;

D.  An award of costs, disbursements, and expenses, including without limitation reasonable attorney fees, as allowed by law or equity; and

E.  Such other and further relief as the Court deems just and equitable.

**JURY TRIAL DEMANDED ON ALL COUNTS TRIABLE**

Dated: December 13, 2022.  GODFREY & KAHN, S.C.

By: s/Matthew J. Stoiber
    Matthew J. Stoiber, SBN 1101365
    Elizabeth A. Lensmire, SBN 1131439

*Attorneys for Plaintiff Belmark Inc.*

P.O. ADDRESS:
200 South Washington Street, Suite 100
Green Bay, WI 54301-4298
Phone: 920-432-9300
Fax: 920-436-7988
mstoiber@gklaw.com
elensmire@gklaw.com